**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 5 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIN CHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-449

Agency No.
A208-996-600

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioner Min Chen ("Chen"), a native and citizen of China, petitions for

review of the Board of Immigration Appeals' ("BIA's") decision dismissing

Chen's appeal of the Immigration Judge's ("IJ's") denial of his application for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

As the parties are familiar with the facts, we do not recount them here. "Our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023) (citation omitted). Reviewing the BIA's findings of fact for substantial evidence, *id.*, we deny the petition for review.

1. Because Chen does not address the BIA's determination that he waived any challenge to the IJ's discretionary denial of asylum, he has forfeited his asylum claim before this court. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (stating that issues not raised in an opening brief are forfeited). Further, as Chen withdrew his request for relief under the Convention Against Torture before the IJ, the only claim before this court is withholding of removal.

2. To qualify for withholding of removal, an applicant must demonstrate past persecution or a well-founded fear of future persecution by a "clear probability." *Sharma v. Garland*, 9 F.4th 1052, 1059-60 (9th Cir. 2021) (citation omitted). Chen concedes that he has not experienced past persecution but asserts that he fears future persecution by the Chinese authorities based on his Catholic religion. Chen alleged that while attending an underground Catholic church, an individual received a call instructing the church members to leave immediately because the police were coming. However, Chen never had any direct interaction or communication with Chinese authorities and, after fleeing from the church, he

was able to stay in China for two months without being arrested.  During that time, he traveled freely within the country, attended the Mexican consulate for a visa interview, and left China by air with his passport.  *See id.* at 1066 (stating that the "ability to travel freely and to leave without hindrance undermines a reasonable fear of future persecution" (citation, alteration, and internal quotation marks omitted)).  Thus, substantial evidence supports the BIA's conclusion that Chen failed to demonstrate a well-founded fear of future persecution.

3.  We decline to consider Chen's arguments regarding internal relocation, persecutory motive, the usage of country conditions reports, the sufficiency of the IJ's findings, and any "pattern or practice" or "disfavored group" claims because Chen failed to exhaust them before the BIA.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is properly raised (citation omitted)).  We also decline to consider Chen's extra-record evidence.  *See* 8 U.S.C. § 1252(b)(4) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

4.  Finally, as the BIA's decision did not rely upon the IJ's adverse credibility finding, we do not address Chen's credibility arguments.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision

of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)).

5.  The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.